### JONATHAN DWIGHT & others *vs.* COUNTY COMMISSIONERS OF HAMPDEN.

At the hearing before a sheriff's jury to assess damages caused by laying out a highway, so much of the record of the commissioners as shows the establishment, direction, course and extent of the way is clearly admissible, and if the petitioners call for the whole record, they cannot afterwards object to its admission.

In such a hearing, the opinion of competent witnesses, as to the comparative value of the land before and after the laying out, is competent evidence, its weight and value being determined by the jury.

In estimating the benefit to a land owner by the laying out of a highway, the jury are not to inquire merely how much the estate would be benefited by selling it for building lots, as if that must be the future use of the property, but must consider how much the estate would be benefited, using it as men of ordinary prudence, economy, and wisdom would use it.

At the hearing before a sheriff's jury, to assess damages to the petitioners' land, caused by laying out a highway, the presiding officer admitted the testimony of several witnesses as to their opinion of the comparative market value of the estate of the petitioners before and after the alteration. And also the testimony of one witness, that the alteration would enhance the value of the land considerably, if cut up into building lots. The petitioners objected to all this evidence.

The respondents also offered in evidence the record of the proceedings of the county commissioners in laying out the highway. The petitioners objected, unless the whole was read, and the presiding officer admitted the whole record, including the adjudication, the laying out, and the assessment of damages.

The petitioners requested that the jury be instructed that the benefits arising from the alteration must be certain and not contingent, and on this point they were instructed that there must be a reasonable certainty that the estate would be benefited by the proposed alteration, and that evidence that the estate would be increased in value for building lots, was one means of proving the benefit arising from the alteration, but in estimating the benefits, they were not to inquire how much the owners might realize by speculation in building lots, as if such must be the future use of the property; but that

they might adopt as a guide for their consideration, how far the alteration of the highway would add value to the property by using it hereafter as men of common and ordinary prudence, economy, and wisdom would improve the advantages to be derived from such alteration. To these instructions the petitioners excepted, and in the court of common pleas objected to the acceptance of the verdict of the jury, but *Wells,* C. J. ordered the same to be affirmed, and the petitioners excepted to such decision.

*W. G. Bates,* for the petitioners.

*G. Ashmun & N. T. Leonard,* for the respondents.

MERRICK, J. The verdict, which is now objected to, was duly returned into the court of common pleas. The petitioners there moved that it should be set aside, and a new trial granted. But their motion was disallowed, and they therefore filed the exceptions which are before us.

They contend that the verdict should be set aside, because the presiding officer permitted the respondents to introduce improper evidence upon the trial, and gave erroneous instructions to the jury relative to the allowance of benefits to the estate by way of set-off against the damages sustained. This evidence and these instructions, together with the objections taken thereto at the trial, are all fully stated in the certificate of the presiding officer which accompanied the verdict, and are particularly referred to and embraced in the bill of exceptions. The grounds of the decision of the court of common pleas upon the questions of law arising upon the motion for a new trial are thus apparent upon the record, and therefore are here properly open for examination and revisal. *Walker v. The Boston & Maine Railroad,* 3 Cush. 1.

The object of the respondents, in offering the evidence which was objected to by the petitioners, was to show the benefits which would result to their estate from the location of the road. To enable the jury to understand and decide upon the damage and advantages to the estate of which a part was thus appropriated to the public use, it is obviously necessary that they should have known not only how much land was taken, but also what was the character, direction,

and extent of the road to be established. As there was no description of it in the warrant under which they were convened, the official record of its location was not only the most accurate and reliable, but the only competent evidence which could be laid before them upon the subject. So much of it, therefore, as would show the establishment, direction, course and extent of the road was open to no valid objection, and was undoubtedly rightly admitted. And if any other part of it were otherwise inadmissible, which it is unnecessary now to determine, no advantage can be taken of its introduction by the petitioners, since it was upon their claim that the presiding officer allowed the whole of it to be read to the jury.

If the true value of an estate immediately before and immediately after the location of a road over it could be accurately ascertained, such a discovery would afford the most exact means of determining what was the real pecuniary damage sustained by the owner. The market value is a near and perhaps the closest approximation to it; and, therefore, any evidence which is competent in its general character to prove such value, is apposite and admissible. In the very nature of things there can be no absolute standard by which the value of land or real estate can be measured; and, of course, when it cannot be tested by the fact of a recent sale, the nearest approach to it, which can be attained, is a knowledge of the opinion and judgment of intelligent practical men who are best acquainted with the property. Evidence of such opinion and judgment must of necessity often be all that can be resorted to; and it is always competent and admissible, leaving its weight in each particular case to be determined by the jury, in connection with the circumstances under which it is offered. *Wyman* v. *Lexington & West Cambridge Railroad,* 13 Met. 316. No objection was made by the petitioners to the intelligence, sufficiency, or qualification of the witnesses produced by the respondents, and therefore they might well be interrogated in reference to the value of the property which was the subject of investigation. Indeed, with respect to what it would be worth after the proposed alteration or supposed improvement

should be made, there seems to be no other possible source of information to resort to. Such opinions must then be admissible, but the estimate in which they should be held, will depend upon the validity of the reasons upon which they are founded. These reasons may, when otherwise unobjectionable, be fairly adduced in their support or be drawn out by the adverse party for the purpose of their disparagement. The answer, therefore, of the witness, who had testified that the value of the land would be considerably enhanced by the location of the road, that this effect would in his judgment be produced by cutting up the land into house lots, was properly admitted. The jury would best know how highly to appreciate his opinion, by being first made acquainted with the reason upon which it was founded.

The instructions given to the jury as to the mode in which they were to ascertain the benefits resulting to the estate of the petitioners from the location of the highway, were accurate and discriminating. No positive rule can either be prescribed or uniformly observed upon such a subject. Those advantages, or that increase of value which can properly be considered, within the meaning of the statute, a benefit which is to be deducted from the damage sustained, must undoubtedly be immediately connected with the land of which a part is taken; and thus far it will be direct and subject to no contingency. *Meacham* v. *The Fitchburg Railroad Co.* 4 Cush. 291. The instructions given by the presiding officer were not in the precise language prayed for, but they fairly expressed the same proposition in the only sense in which it was significant and defensible, by cautiously limiting the inquiry to this one estate of the petitioners. And it was equally proper and discreet to warn the jury not to confine their reflections to any single purpose, however advantageous it might have been represented, to which the land might be appropriated. There are many uses to which real estate may be applied; and unexpected emergencies are continually arising which may induce the owner to offer it for sale in the market or to change for himself the previous mode of its occupation. Such changes and emergencies are elements of value which persons of com-

mon and ordinary prudence, economy, and wisdom do not overlook in the management and disposition of their estates; and the attention of the jury was judiciously directed to these considerations by the officer who presided at the trial. He cannot be considered as having omitted any proper instructions which he was requested to give, nor have given any to which objection can be justly urged.

*Exceptions overruled, and verdict accepted.*