### George R. T. Roberts v. The Board of County Commissioners of Brown County.

1. DAMAGES *from Establishment of Public Road; Reduction of Damages.* A jury, in assessing the damages sustained by a land-owner by reason of the establishment of a public road across his land, cannot take into consideration, for the purpose of reducing his damages, *all conveniences and benefits* accruing to him by reason of the location of the road, but only such conveniences and benefits as are direct and special as to him and his land, and such as are the direct, certain and proximate result of the establishment of the road. They cannot take into consideration such conveniences and benefits as are received by him in common with the whole community.

2. SPECIAL RULE *for Reduction of Damages.* Increased value of the land may often be taken into consideration in fixing the amount of the damages sustained by the owner thereof in laying out and establishing roads. But this can be done only where such increased value arises from some direct, special and proximate cause, such as the draining of the land, or building bridges across streets running through the land, or making some other valuable improvement on or near the land, by means of which the owner will be enabled to enjoy his land with greater advantage. Increased value, founded merely upon increased facilities for travel and transportation by the public in general, is not the kind of increased value which may be taken into consideration for the purpose of reducing the damages to be awarded to the land-owner.

3. OPINION OF WITNESS *as to Damages.* As a general rule, the *opinion* of a witness, as to the *amount of damages* which the land-owner sustains by reason of the establishment of a public road across his land, is not admissible as evidence.

4. DAMAGES, *May not be full Value of Land; Fee in Land-Owner, Easement in the Public.* A land-owner is not necessarily damaged to the full value of his land covered by a public road, even if he has not received nor will receive any benefit of any kind whatever from the establishment of the road, for the public, by laying out and establishing the road, does not become the owner of the land covered by the road, but acquires only an easement therein, and the land-owner himself still remains the owner of the fee and of everything connected with the land not necessarily for the public use. It is proper, however, in many cases, and perhaps indispensably necessary in some, to introduce evidence showing the value of the land; and as to such value, competent witnesses may express their opinions.

### *Error from Brown District Court.*

ACTION by *Roberts* against *The Board of County Commissioners of Brown County,* to recover damages alleged to have been caused by the location and establishment of a public road. Trial at April Term, 1877, of the district court, and verdict and judgment for defendant. New trial refused, and *Roberts* brings the case here.

*James Falloon,* for plaintiff.
*C. E. Berry,* county attorney, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: The proceedings in this case arose out of the location and establishment of a public road. The road

was located along the west line of the plaintiff's land, and he claimed damages therefor. No damages, however, were awarded to him, and in the district court judgment was rendered against him for costs. He seeks to reverse that judgment for the following alleged errors, to wit: Errors of the court in admitting testimony; errors in giving, refusing and modifying instructions; errors in giving, refusing and modifying special questions submitted to the jury for them to make special findings upon; and error in overruling the plaintiff's motion for a new trial.

At the trial the plaintiff introduced his evidence, which showed that the road occupied $3\frac{7}{11}$ acres of his land; that the land was worth from $20 to $27.50 per acre; that the plaintiff would have to build about a half-mile of extra fence by reason of the road; that he had never traveled the road; and that the road was and would be of no use or benefit to him.

The defendant then introduced its testimony. It asked the first witness the following question, to wit: "What, in your opinion, was the damage to plaintiff by the laying-out of this road?" It asked three other witnesses substantially the same question. The answer of the first witness was as follows: "In my opinion the plaintiff was not damaged any by the laying-out of the road; the benefits to the land were equal to the damage done by the laying-out of the road." The second witness answered: "In my opinion plaintiff's land was not injured any by the laying-out of this road." The third witness answered: "In my opinion he was not damaged anything." And the fourth witness answered: "In my opinion the plaintiff was not damaged anything by the laying-out of this road." These questions were all objected to upon the ground that it was asking the opinion of the witnesses concerning conclusions which it was the province of the jury to determine. The court overruled the objection, saying each time substantially as follows: "The witness may answer the question; the plaintiff may cross-examine as to how he comes to the conclusion." The plaintiff each time excepted to the rul-

ing of the court. The plaintiff cross-examined each of said witnesses, and each of them showed by his evidence on cross-examination that he founded his opinion that the plaintiff was not damaged upon the supposed increase in the value of the plaintiff's land caused by the increased facilities for public travel and transportation; and not one of the witnesses stated or showed that the plaintiff received any direct or special benefit from the location of the road, or that he received any benefit different in kind from that received by the other members of that community; nor was any such evidence introduced on the trial. This was substantially all the evidence in the case. The court then gave, among others, the following instruction to the jury, to wit:

"The court instructs the jury that all conveniences and benefits are a proper subject for the jury to take into consideration in arriving at a proper conclusion as to what damages shall be allowed to the plaintiff."

The court refused to give the following instructions asked for by the plaintiff, to wit:

"The court instructs the jury that benefits accruing to the land from which the road is taken must be such as are not enjoyed by the community in general, such as the draining of the balance of the land by the road laid out."

"The court instructs you that general benefits are such as increased facilities for travel, increased value of land in the community in general, etc., which are to be excluded."

The court refused to direct the jury to find upon the following, among other particular questions of fact stated in writing by the plaintiff and requested by him to be submitted to the jury for them to find upon, to wit:

"What benefit, if any, did the plaintiff receive in common with the public by the laying-out of the road?"

"What benefit, if any, did the plaintiff receive by the laying-out of the road which was special to him and which the public did not enjoy?"

"What was the full amount of benefit sustained by the plaintiff by the laying-out of the road in question?"

The court, however, did submit to the jury the following questions, and the jury answered thereto as follows:

"What was the value of the land taken in this case, based on the fair market value of the land at the time of the taking?"

*Answer:* "Seventy-two dollars and seventy-two cents."

"Did the balance of the land of plaintiff suffer any decline in value by the laying-out of the road?"

*Answer:* "No."

"What benefit, if any, did the plaintiff receive by the laying-out of the road, which was special to him and to the farm through which the road runs? If any such benefit is caused, state the money value of such benefit."

*Answer:* "Seventy-two dollars and seventy-two cents."

The jury also found a general verdict in favor of the defendant and against the plaintiff. The plaintiff then moved the court for a new trial, upon various grounds, but the court overruled the motion, and rendered judgment in favor of the defendant and against the plaintiff for costs, as already stated.

We think the court below erred in several particulars; but all the errors probably arose from the erroneous opinion seemingly entertained by the court, "that *all conveniences and benefits* are proper subjects for the jury to take into consideration in arriving at a proper conclusion as to what damages should be allowed to the plaintiff."

Now, "all conveniences and benefits" are not proper subjects for the jury to consider in awarding damages to a land-owner who is seeking damages for supposed injuries to his land, claimed to have been caused by the location of a road over his premises. It has already been decided by this court, that "in the appropriation of the right of way for a public road, the public has a right, in the absence of any special statutory or constitutional restrictions, to reduce the damages to be awarded to the land-owner by the amount of benefits which inure to him as the *direct* and *special* result of the proposed road, *but not by any which he receives in common with the rest of the public.*" (*Pottawatomie Co. v. O'Sullivan*, 17 Kas. 58.) That is, the benefits which may be taken into consideration for the purpose of reducing the damages to be awarded to the land-owner are such as are direct and special

as to him and his land, and not such as are received in common by the whole community; and with reference to cause and effect, they are such as are direct, certain, and proximate, and not such as are indirect, contingent or remote. It is true, that increased value of the land is often taken into consideration in fixing the amount of the damages; but this is done only where such increased value arises from some direct, special and proximate cause, such as the draining of the land, or building bridges across streams running through the land, or making some other valuable improvement on or near the land, by means of which the owner will be enabled to enjoy his land with greater advantage. That is, the increased value must be founded upon something which affects the land itself directly and proximately. It must be founded upon something which increases the *actual* or *usable* value of the land, as well as the market or salable value thereof, and not such as increases merely the market or salable value alone. Increased value founded upon merely increased facilities for travel and transportation by the public in general, is not the kind of increased value which may be taken into consideration in reducing the damages to be awarded to the land-owner. That kind of increased value is too indirect and too remote from the original cause, which cause is the laying-out of the road. Besides, it is a kind of increased value which is common to the whole community in general, and to each individual thereof to a greater or less extent; and it has no relation to the *use* of the land as land, but it is merely an increased market value founded upon the extraneous circumstance of increased facilities for public travel and transportation. Upon the question of setting off benefits against damages, we would refer to the following authorities, to wit: *James River, &c., Co. v. Turner,* 9 Leigh (Va.), 313; *Carpenter v. Landaff,* 42 N. H. 218; *Meacham v. Fitchburg R. R. Co.,* 58 Mass. (4 Cush.) 292; *Dickenson v. Fitchburg,* 79 Mass. (13 Gray) 546; *Dwight v. Hampden,* 65 Mass. (11 Cush.) 204; *Little Miami R. R. Co. v. Collett,* 6 Ohio St. 182; *C. & P. R. R. Co. v. Ball,* 5 Ohio St. 569.

It must be remembered that in the present case other public roads were established along other sides of the plaintiff's land, and that he had no use for the one for the establishment of which he now claims damages.

From the foregoing views we think it will now be apparent that the court below committed error in the following among other particulars:

I. The court committed error in permitting said questions to be put to said witness. As a general rule the *opinion* of a witness as to the *amount of damages* which the land-owner sustains by reason of the establishment of a public road across his land, is not admissible as evidence. (*Atlantic, &c., Co. v. Campbell*, 4 Ohio St. 583; *Cleveland, &c., Co. v. Ball*, 5 Ohio St. 568; Sedgwick on Damages, 590.)

If it had been previously shown that there were no benefits or damages except such as were special, direct and proximate, then possibly the questions might have been asked, but such was not the case. On the contrary, it had previously been shown that the only benefits received by the plaintiff, if he received any, were such as were common to the whole community, and were indirect and remote. The answers of the witnesses, therefore, included matters not proper to be considered by the jury.

II. The court also erred in instructing the jury "that all conveniences and benefits" were proper subjects to be considered by the jury, for reasons already stated in this opinion.

III. The court also erred in overruling the motion for a new trial, for reasons already given. The new trial should have been granted on the ground of previous errors committed by the court, and also on the ground that the verdict was not sustained by sufficient evidence. There was no evidence showing that the plaintiff was benefited directly, specially and proximately, $72.72, or any other amount.

IV. There are other rulings of the court below complained of, but we do not think that it is necessary to make any special comment upon them.

V. The plaintiff is not necessarily damaged to the full

value of the land covered by the road, even if he has not received nor will receive any benefit of any kind whatever by reason of the road; for the public, by laying out and establishing the road, does not become the owner of the land covered by the road, but acquires only·an easement in the land, and the land-owner himself still remains the owner of the fee, and of everything connected with the land not necessary for the public use. (*Shawnee Co. v. Beckwith*, 10 Kas. 603.) It is proper, however, in many cases, and perhaps indispensably necessary in some, to introduce evidence showing the value of land; and as to such value, competent witnesses may express their opinions.

All the Justices concurring.