## WASHINGTON ICE COMPANY

*v.*

## CITY OF CHICAGO.

*Filed at Ottawa October 26, 1893.*

1. EMINENT DOMAIN—*setting off benefits against damages.* For land taken for a public use no benefits to the land not taken can be set off, but payment of the compensation for the damages accruing to the land not taken may be made in benefits to the property not common to other property affected,—that is, the special benefits accruing to the particular property may be set off against the damages done to land not taken by the improvement.

2. SAME—*compensation for damages to property not taken.* If the special benefits equal or exceed the damages, the owner can receive nothing as damages to property not taken; if less, he will be entitled to receive the difference, only. In some one of the modes prescribed, compensation must be made for damages to property not taken, arising from the improvement.

3. SAME—*evidence of benefits to property not taken.* Where an ordinance for the opening of a street across a marshy tract of land bordering on a river, and upon which is a pond used for freezing and taking ice, fails to state the nature and character of the improvement, further than the mere opening of the street, and no grade is established, and there is nothing to bind the petitioner to do more than to open the street, there will be no sufficient basis for the introduction of evidence of benefits to accrue to the land owner to the part of his land not taken, or for an instruction based upon the estimate of benefits to be derived from a street giving the land owner access to all parts of his land.

4. SAME—*estimate of benefits to land not taken—that may never accrue.* An estimate of benefits upon the basis that a proposed street is to be improved through or over a tract of land which is low, wet and marshy, so as to give ready access to all parts of it, and thereby make it desirable for the location and operation of manufactories, without even a proposal on the part of the city to so construct it, and without any legal obligation whatever resting upon the city to do more than open it, is improper, and can not be received as a set-off to the damages resulting to the part of the land not taken.

5. The benefits sought to be set off against the damages to the land not sought to be condemned must be real and not chimerical, otherwise the constitutional safeguard is rendered of no avail to protect the citizen in the enjoyment of his property free from being damaged for a public use without just compensation.

6. Section 19 of article 9 of the City and Village act does not control in proceedings purely for condemnation of private property for public use. Ordinarily the opening of a street, and such improvement thereof as is usually made by a city from its general fund, may furnish sufficient basis for estimating the benefits to accrue therefrom to adjoining property.

7. In such cases no further description of the nature and character of the improvement would seem to be required. But when the benefits to flow from the making of the improvement necessarily depend on the manner in which it is to be made,—its nature and character,—*data* should be furnished from which an intelligent estimate of benefits can be made. In no other way can the testimony of witnesses be of value, or the view of the jury aid them in arirving at just compensation.

8. It is not necessary to hold that the *data* must be furnished in the ordinance, or specifications thereunder, although, by analogy to the proceedings in cases for the assessment of special benefits, it would seem to be the appropriate mode. But whatever mode be adopted should be so far specific and binding that the judgment in condemnation would.not be conclusive upon the owner unless the improvement is made in substantial conformity with the *data* furnished.

9. In a proceeding by a city for the condemnation of land for a street it will not be presumed that the city will make a sufficient improvement of the land taken, where no improvement has been and may never be ordered to be made.

10. SPECIAL ASSESSMENT—*ordinance therefor—its essentials.* Where an ordinance for the opening of a street through a pond and across a river makes no provision whether the street is to be filled to any particular grade, or whether, through the pond and thence to the river, the roadbed is to be raised above the level of the water, by embankment or stone walls or trestle-work, or whether an embankment between the pond and the river will be removed and the roadway made upon the natural level of the soil, or otherwise, it will be fatally defective in failing to give the nature and character of the improvement, and no special assessment can be made under the ordinance.

11. An ordinance which gives no basis or *data* from which an estimate of the cost of the proposed improvement can be made, in accordance with the statute, to be apportioned among and upon the property benefited, is fatally defective.

12. STREETS—*improvement—discretion of municipal authorities.* The opening of the streets of a city, and the nature and character of their improvement, are matters resting solely in the discretion of the municipal authorities, when they have proposed no plan of improvement, and have done nothing to estop them from dealing with the streets according to their discretion.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Messrs. ULLMANN & HACKER, for the appellant.

Mr. CHARLES C. GILBERT, Mr. HENRY S. WALDRON, and Mr. JOHN S. MILLER, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The city of Chicago passed an ordinance for the opening of One-hundredth street, from Commercial avenue to the east line of section 7, township 37, range 15. Section 1 provided that One-hundredth street be and is ordered opened between the points named, by condemning therefor a strip of land 66 feet wide, parcel of land particularly described. Section 2 provided: "Said improvement shall be made, and the cost thereof paid for, by special assessment, to be levied upon the property to be benefited thereby, to the amount the same may be legally assessed therefor, and the remainder of such cost to be paid by general taxation," in accordance with article 9 of the Cities and Villages act. Section 3 directs the corporation counsel to file a petition, etc., in the name of the city of Chicago, praying that just compensation to be made for private property to be taken or damaged for said improvement be ascertained, etc., and to file a supplemental petition, in accordance with the provisions of section 53 of said article 9. A petition was accordingly filed, seeking to have the just compensation to be paid appellant and others, ascertained by a jury, as required by law.

The proposed extension of the street involved the taking of a strip of land 66 feet wide and 1980 feet long, comprising $2\frac{92}{100}$ acres, belonging to appellant, and leaving a strip $88\frac{7}{10}$ feet south, and the balance of its 64 acre tract north of the proposed street. It appears that the tract belonging to appellant was originally a swamp, lying on the west or north-

westerly shore of the Calumet river. The tract was purchased fourteen or fifteen years ago, and an embankment built upon the north, east and south sides of the tract, to prevent overflow from the Calumet river, and to make a pond, into which water could be pumped for the purpose of freezing, and cutting ice. The west edge of the pond was protected by a natural ridge. The proposed improvement passed through this pond a distance of 1830 feet, and thence over appellant's land 150 feet to the river, then crossed the river, and extended some distance beyond to the east line of said section 7. At the time of the trial the water in the pond was five or six feet deep, and, as already seen, a strip $88\frac{7}{10}$ feet wide and 1830 feet long lay south of the proposed street. Appellant filed a cross-petition, claiming damages, by reason of the improvement, to its land not taken. A trial by jury resulted in finding that compensation in the sum of $13,500 should be made for land taken and nothing for damages to land not taken. Motion for new trial was overruled and judgment entered on the verdict.

Numerous errors are assigned, but in the view we take, a consideration of one of them only will be necessary.

The constitution provides that private property shall not be taken or damaged for public use without just compensation. For land taken no benefits to land not taken can be set off, but payment of the compensation for the damages accruing to the land not taken may be made in benefits to the property, not common to the other property affected,—that is, the special benefits accruing to the particular property may be set off against the damages done to land not taken by the improvement, so that if the special benefits equal or exceed the damages, the owner can recover nothing as damages to property not taken; if less, he will recover the difference, only. The constitutional provision is equally mandatory that property shall not be damaged for public use without just compensation, as it is that it shall not be taken for such use without

just compensation, so that, in some one of the modes prescribed, compensation must be made for damages to the property, arising from the inprovement. These principles are so fundamental and familiar that the citation of cases is unnecessary.

The ordinance in this case provides that the improvement shall be paid for by special assessment, to be levied upon the property benefited thereby, to the amount the same may be lawfully assessed, the remainder to be paid by general taxation. It is not necessary, if important, that we should pause to discuss the sufficiency of this ordinance to authorize the levy of a special assessment. It is obvious that no special assessment could be levied under it. The nature or character of the improvement (Rev. Stat. sec. 19, art. 9, chap. 24,) is nowhere given. Whether the street is to be filled to some or any grade is not provided, or whether, through the pond and thence to the river, the roadbed is to be raised above the level of the water by embankment or stone walls or trestle-work, or whether the embankment across the 66 feet condemned will be removed and the roadway made upon the natural level of the soil, or otherwise, is left wholly undetermined. No basis or *data* are given from which an estimate of the cost could be made in accordance with the statute, to be apportioned among and upon the property benefited. (*Levy* v. *Chicago,* 113 Ill. 650; *Murphy* v. *Peoria,* 119 id. 509; *Kankakee* v. *Potter,* id. 324; *City of Sterling* v. *Galt,* 117 id. 11.) It is clear, therefore, that the city has made no provision for the improvement of the street proposed to be opened.

Upon the trial of the cause it was contended that the benefits from the construction of the street, to appellant's land not taken, equaled or exceeded the damages, and the witnesses for the city expressly put their estimate of the benefits to accrue, upon the basis that by the opening of this street access would be given to all parts of appellant's land from the west, through to the Calumet river. What possible basis is laid

for the estimate of these benefits? In the evidence there was-nothing, if it be conceded that would have been sufficient, tending to show the manner in which the improvement of the street was proposed to be made. No grade was established, no width of roadway fixed or description given of material to be used, in the evidence, the ordinance, or elsewhere in the case. The evidence offered by appellant, with a view of getting before the jury the nature and character of the improvement of the street across appellant's land that might be made, was excluded at the instance of the city.

It is apparent that to make the street of any avail to give access over appellant's land to the river, to say nothing of its extension across and beyond, it is necessary that it be graded through the marsh, and raised above the ordinary floods of the Calumet river. To make the land of the appellant available for manufacturing purposes, for which purpose it is shown to be of the greatest present value, it is shown, and in effect conceded, it must be filled in to a considerable depth, at a cost of from $3000 to $4000 an acre. Manifestly, the opening of the street at the level of the soil, by tearing away the embankments erected by appellant, where they cross the strip of land condemned, would not only destroy the pond of appellant, but would be of little practical utility to the residue of appellant's land. The mere paper opening of the street, without improvement so as to make it available, aside from not being the basis upon which the case was tried, could be of but little practical benefit under the existing conditions. The opening of the streets of the city, and the nature and character of their improvement, reside, necessarily, in the discretion of the municipal authorities. (*Aurora* v. *Pulfer*, 56 Ill. 270.) And while the city may fill in this street with earth to the height of the present embankment around the pond, or put trestle-work through the pond, or adopt such material as it shall deem best, it is clear that it is under no obligation to do so. The city has proposed no plan of improvement, and

done nothing to estop itself from dealing with this street as, in the discretion of its authorities, may be deemed best. What improvement it proposes to make, beyond the mere opening of the street, is left to the sheerest conjecture.

We have, then, in this case, an estimate of benefits upon the basis that a street is to be improved through or over this low, wet and marshy land, so as to give ready access to all parts of it, and thereby bring it into prominence, and make it desirable for the location and operation of manufactories, without even a proposal on the part of the city to so construct it, and without any legal obligation whatever resting upon the city to do more than open it.

Counsel for appellee are accurate in their statement that section 19 of article 9 of the Cities and Villages act does not control in proceedings purely for condemnation. The reason for the requirement that an ordinance providing for the making of a local improvement by special assessment shall contain therein the nature, character, locality and description of the improvement, is well understood, and need not be re-stated. (See cases *supra.*) But private property can not be damaged for public use without just compensation, and while, as before seen, damages to the property not taken may be set off by special benefits accruing from the improvement, the benefits must be real, and not chimerical, otherwise the constitutional safeguard is rendered of no avail to protect the citizen in the enjoyment of his property, free from being damaged for a public use without just compensation. That appellant's property was damaged by being cut in two, in the manner described, is not questioned, and if not compensated by special benefits accruing to his land not taken, compensation should have been awarded.

Ordinarily, the opening of the street, and such improvement thereof as is usually made by the city from its general funds, may furnish sufficient basis for estimating the benefits to accrue therefrom to adjacent property. In such cases no

farther description of the nature and character of the improvement would, it seems, be required. But where, as here, the benefits to flow from the making of the improvement necessarily depend upon the manner in which it is to be made,—its nature and character,—*data* should be furnished from which an intelligent estimate of benefits can be made. In no other way can the testimony of witnesses be of value, or the view of the jury aid them in arriving at just compensation. It is not necessary to hold that the *data* must be furnished in the ordinance, or specifications thereunder, although, by analogy to the proceedings in cases for the assessment of special benefits, it would seem to be the appropriate mode. But whatever method is adopted should be so far specific and binding that the judgment in condemnation would not be conclusive upon the owner unless the improvement is made in substantial conformity with the *data* furnished. (*Wabash, St. Louis and Pacific Railway Co.* v. *McDougall*, 126 Ill. 111.) If it be insisted that it must be presumed that the city will make a sufficient improvement, etc., the contention is answered by *Hutt* v. *Chicago*, 132 Ill. 352. No such presumption can arise where the improvement has not been and may never be ordered to be made.

We are of opinion that the court erred in instructing that in assessing damages to land not taken the jury should take into consideration and set off special benefits, and in overruling the motion for a new trial. The judgment of the circuit court is accordingly reversed, and the cause remanded.

*Judgment reversed.*