## J. A. SWENSON v. BOARD OF SUPERVISORS OF TOWN OF HALLOCK.[1]

June 9, 1905,

Nos. 14,361—(128).

**Highway—Benefits:**

> Where one part of a tract of land is taken for a rural highway, benefits which may be offset against the value of the land taken, and damages to the part remaining in the original owner, must be affirmatively shown to be special, not general, actual, not constructive, certain and proximate, and not contingent or remote.

**Same—Drainage.**

> Drainage of land not taken for that purpose may be such a special, actual, and proximate benefit; but proof of a local custom of a town to improve roads as rapidly as possible, and judicial notice of a general custom to construct roads so as to afford some drainage, is not sufficient evidence to establish such a benefit.

Appeal by plaintiff from an order of the district court for Kittson county, Grindeland, J., denying a motion for a new trial, after a trial and verdict in favor of defendant. Reversed.

*P. H. Konzen, H. Steenerson* and *Charles Loring,* for appellant.

*Yetter & Blethen,* for respondent.

JAGGARD, J.

This is an appeal from an order denying plaintiff's motion for a new trial in a case wherein the plaintiff appealed to the district court from an order of the board of supervisors of the town of Hallock laying out a road over the plaintiff's land, and wherein there was an award assessing the benefits as equal to the damages.

Among other grounds of benefit was the one placed in controversy by this appeal, namely, that, if the road was graded and ditched, it would drain land of plaintiff. The court charged the jury fully and distinctly that the only benefits which they could consider were special benefits—excluding from consideration the general advantages which the owner would enjoy in common with the rest of the community—and that, if they found from the evidence that there would be a prob-

[1] Reported in 103 N. W. 895.

ability that this proposed road would be graded by the town in such a way as to drain the plaintiff's land, then this item of drainage should be taken into consideration in arriving at the special benefits; otherwise not.

It is notorious that assessments for benefits in local assessment cases in cities have resulted in grossest injustice in innumerable cases, and often in confiscation. It is a settled rule of this court that, so far as may be, this wrong shall not be extended to rural districts. As Justice Brown said in Sperry v. Flygare, 80 Minn. 325, 326, 83 N. W. 177, 178: "Owners of agricultural lands have hardships quite heavy enough to bear, and if any reasons exist for thrusting upon them the additional burdens incident to the 'local improvement' system of taxation, as practiced and enforced in cities, they are not apparent to the casual observer. * * * It is * * * reasonable to require the benefited city property to pay the expense of the improvement, while it would not be reasonable or just or fair to require the farms along the line of a country road to pay the entire cost and expense of opening and laying the same out." Accordingly no assessment of benefit for a rural highway will be sustained wherein the benefits are general, as distinguished from special (2 Lewis, Em. Dom. p. 1008, § 469), or merely constructive, as distinguished from actual.

In municipal assessments it usually happens that some board or department is given large and sometimes dictatorial powers of determining benefits, whose action the courts must sustain, save in cases of exceptional injustice or outrage. State v. District Court of Ramsey County, supra, page 70. Therefore, for example, the grading of a street which may leave adjoining property an indefinite number of feet in the air, or an indefinite number of feet below the level of the street, whereby the property is practically deprived of all value, may be construed as a benefit to such property. This is one extreme. At the other extreme a benefit should not be defined so as to render it impossible of proof except by mathematically certain evidence. In the nature of things, an easement must be obtained before many contemplated improvements can be made. It would not be reasonable, in assessing benefits, to require the fact that such improvement would be made to be absolutely demonstrated. For example, when a railway company condemns a right of way, it is neither usual nor necessary,

in order that special benefits should be allowed, that the future construction of the roadbed and operation of the railway should be insured. In such a case, by general statute, or by charter, or by both, the railway company is required to construct its road within a specified or a reasonable time. If it fails so to do, the title to the land reverts to the original owner. But it is equally just that only such conveniences and benefits as are the certain, direct, and proximate results of the establishment of the road should be permitted to be set off against the part of the land taken, and the damages to the remainder. Angell, High. p. 130, § 117; Roberts v. Board, 21 Kan. 247.

Drainage of land, part of which is condemned for a public highway, may be a special as distinguished from a general, and an actual as distinguished from a constructive, benefit. It was well said in Trinity College v. City of Hartford, 32 Conn. 452, 477: "There are obviously three classes of benefits that may result from the opening of highways: One, the general benefit which the public, as such, receive from the opening of a new avenue of travel; another, the special benefits which those receive who reside or own land upon the new highway, in the more convenient access that is given to their lands; and another, the strictly local benefit which land, as such, may receive from the opening and construction of the road, an illustration of which would be drainage, if it should happen to be drained by the road and its ditches, or the filling up of low ground by surplus earth that has to be disposed of in lowering some neighboring hill." And see Miller v. Town of Beaver, 37 Minn. 203, 33 N. W. 559; Whitely v. Mississippi Water P. & Boom Co., 38 Minn. 523, 38 N. W. 753.

Accordingly the question here to be determined is whether or not the benefit of drainage is shown to be sufficiently certain and proximate. The testimony shows that the land would be improved, "provided the road would be graded." The defendant relies upon the custom of the town "to grade roads as fast as it was able," and upon judicial knowledge that roads are ordinarily graded so as to afford some drainage. No contour, no profile, no plan of grading, and no action on the part of the town or of its officers providing for the improvement of the road, was even suggested in the evidence. No provision of law requires the road to be graded or ditched. Accordingly,

no work at all might be done on the road at any time or for an indefinite time in the future, although in the meantime the public used a part of plaintiff's premises for its own purposes. We are of opinion, accordingly, that the proposed benefit was too indirect, contingent, and uncertain to be the basis of a set-off. This conclusion is, in a measure supported by the following authorities: State v. Hudson, 55 N. J. L. 88, 25 Atl. 322, 324; In re Water Commrs., 31 N. J. L. 72; Pittsburg v. Rose, 74 Pa. St. 362; Hutt v. City, 132 Ill. 352; 23 N. E. 1010, 1012; Washington v. City, 147 Ill. 327, 35 N. E. 378.

Order reversed and new trial granted.