THE CITY OF CHICAGO, Appellee, *vs.* DAVID M. CUMMINGS, Appellant.

*Opinion filed June 20, 1911.*

1. SPECIAL ASSESSMENTS—*a valid ordinance is the foundation of every special assessment.* The foundation of every special assessment is a valid ordinance specifically describing the nature, character and locality of the proposed improvement, and no valid assessment can be predicated upon an ordinance which omits from its terms essential features of the improvement.

2. SAME—*description should enable a property owner to know what the improvement is.* An ordinance for a special assessment must so describe the improvement that property owners may know what the improvement is, and, in case of a sidewalk ordinance, so that he may do the work himself if he desires to avail himself of the right given him for that purpose by the ordinance.

3. SAME—*sidewalk ordinance should provide for necessary retaining wall or embankment.* If the construction of a sidewalk in front of certain property at the grade required will put the walk nine feet above the surface of the property and require the construction of either a retaining wall or embankment to retain the fill, the ordinance should provide for such wall or embankment and specify its character, and if the ordinance makes no such provision it is defective and will not authorize judgment of confirmation against the property.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

WILLIAM J. DONLIN, for appellant.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for the confirmation of a special assessment sought to be levied under the provisions of the Local Improvement act for the purpose of constructing a sixteen-foot concrete sidewalk on each side of Ninety-second street between South Chicago avenue and Harbor

avenue, in the city of Chicago. The appellant, who was the owner of one hundred feet of unimproved property on the line of the improvement, appeared and filed objections to confirmation, which objections were overruled and the assessment confirmed, and an appeal has been prosecuted to this court.

The sidewalk was to occupy the space between the curb lines and the street lines, and the ordinance provided the sidewalk space should be graded by cutting down or filling up the surface of the ground to fourteen inches below grade, and that wherever filling was necessary it should be done with earth or other material equally as good for filling purposes, and upon the filling there was to be placed a layer of cinders, or other material equally as good, nine inches thick, and upon this should be laid a five-inch layer of concrete, the work to be done under the supervision of the board of local improvements. The evidence showed that the appellant's property was about nine feet below grade, and that in order to hold the filling in place it would be necessary to construct a retaining wall upon his lot line nine feet high, or to construct a berme or embankment nine feet high and twelve feet wide at the base, which berme or embankment would rest wholly upon appellant's property.

It is first contended that as the ordinance does not provide for the construction of the retaining wall or berme the ordinance is not sufficiently specific upon which to base a special assessment to pay for the construction of the improvement. We are of the opinion this objection is a valid one. At the foundation of every special assessment there must rest a valid ordinance and one that specifically describes the nature, character and locality of the proposed improvement, and no valid special assessment can be predicated upon an ordinance which omits from its terms essential features of the improvement. (*Washington Ice Co.* v. *City of Chicago,* 147 Ill. 327; *Title Guarantee and Trust*

*Co.* v. *City of Chicago,* 162 id. 505.) It is obvious that the construction of a retaining wall or berme nine feet high upon the lot line of appellant's property would be attended with much expense, and if a berme were constructed it would necessarily deprive the appellant of the use of a considerable portion of his property. If, however, it were held that the ordinance was sufficiently specific in the foregoing particular, then it would be necessary for the board of local improvements to determine what sort of a retaining wall or berme should be constructed in front of appellant's property. If a retaining wall were decided upon, it might be constructed of stone, concrete, brick or wood, and if a berme were constructed, earth, gravel, crushed stone or other similar material might be used, the cost of construction depending entirely upon the material used in building the berme. This would all rest in the discretion of the board of local improvements. In one part of the improvement a stone wall might be determined by the board to be necessary, while upon other parts the board might determine that brick, wood or earth would answer the purpose. The general rule is, that an ordinance must describe the improvement so that the property owner may know from its terms what he is to get when the improvement is completed and what sort of an improvement his property is being assessed to construct. We think the ordinance should have specified the character of the wall or berme to be constructed and the material to be used in its construction, and that the ordinance was defective in failing so to do.

The ordinance also provided the property owners whose property the sidewalk adjoins should have the right to construct the sidewalk in front of their property within forty days, "provided the work so to be done shall in all respects conform to the requirements of the ordinance." It is clear that the appellant could not avail himself of that right in this instance, as he could not know from the ordinance what would be a compliance with the terms of the ordi-

nance, as the character of the improvement rests, to. a large extent, in the discretion of the board of local improvements.

We are of the opinion the trial court erred in confirming the special assessment as against the property of the appellant.

The judgment of the superior court will be reversed.

*Judgment reversed.*