THE CITY OF CHICAGO, Appellee, *vs.* WILLIAM G. EDENS, Appellant.

*Opinion filed June 16; 1914.*

1. SPECIAL ASSESSMENTS—*witness need not be an expert to testify to height of fill for sidewalk.* A witness who knows the height of a proposed sidewalk above the surface of the objector's lots may testify to that fact without qualifying as an engineer or an expert; nor should his evidence be excluded on account of his prejudice because of his being the attorney for the objector.

2. SAME—*when sidewalk ordinance is invalid.* An ordinance providing for the construction of a cement sidewalk at a grade which will require a fill of from three to seven feet in front of the lots is invalid, where the ordinance makes no provision for any retaining wall or embankment to hold the fill in place. (*City of Chicago* v. *Cummings,* 250 Ill. 423, followed.)

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

EDWARD ROBY, for appellant.

PHILIP J. McKENNA, and ALEXANDER E. ARKIN, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a petition by the city of Chicago, in the county court of Cook county, under section 7 of the Local Improvement act, to levy a special assessment for the construction of a cement sidewalk six feet in width on each side of Indianapolis avenue, in a south-easterly direction, from the curb line of Ewing avenue, in that city, to the city limits, on the Indiana State line. Appellant appeared and filed 74 objections, which on the hearing before the court were overruled and a judgment entered confirming the assessment roll. From this judgment appellant has prosecuted an appeal to this court.

The errors assigned are, in substance, as follows: That the court erred in sustaining objections to certain evidence offered by appellant; in overruling the legal objections filed by appellant; in finding the issues for appellee; in finding that the property of the appellant is not assessed more than its proportionate share; in not sustaining the objections, or some of them, and in rendering judgment confirming the assessment.

The objections are the stereotyped blanket form of objections condemned by this court in *Lingle* v. *West Chicago Park Comrs.* 222 Ill. 384, being of the most general character, and were printed on sheets containing 105 objections in all, from which certain ones were stricken out in the objections filed by appellant, still leaving 74 objections in the case, of which but 24 are set forth in the abstract. Said objections resolve themselves into the contentions that the ordinance is unreasonable, invalid and void in not specifically describing the nature, character and locality of the proposed improvement. No proof was offered in support of any of these objections except a map of the proposed improvement and a stipulation of facts, from which it appears that Ewing avenue runs directly north and south, and that Indianapolis avenue runs in a south-easterly direction from Ewing avenue to the Indiana State line, and that the

264 – 5

·average fill of this sidewalk will be three and a half feet on each side of Indianapolis avenue throughout its length by the grade fixed by the ordinance for the improvement.

The testimony of the attorney for appellant was that the fill in front of his lots 12 to 47 in block 44 would be from three and a half to seven feet; in front of lots 5 and 6 and 8 to 21 in block 18 it would be four or more feet, and in front of lots 9 to 22 in block 22, and 2 to 17 in block 43, from four and a half to six feet. Objection was made to this evidence on the ground that the witness had not qualified as an engineer or as a person capable of giving such evidence, and that he was prejudiced, and it was stricken by the court. We think this evidence was competent. The witness did not have to be an expert to testify, if he knew the height of the proposed sidewalk above the surface of objector's lots. His means of knowledge and his prejudice, if any, and the fact that he was an attorney, were matters that could be considered as affecting his credibility or the weight to be given to his evidence, but his evidence should not have been excluded. It was a mere matter of figures anyway or a question of measurement, and if his evidence was untrue or inaccurate it would have been an easy matter to ascertain and introduce evidence showing the exact height of the sidewalk above the surface of lots in question.

The evidence shows the total length of the proposed improvement to be 8480.80 lineal feet, estimated to cost $20,-014.69, divided as follows: Grading, 8480.80 lineal feet at $1.50 per lineal foot, $1271.20; nine inches of cinders, six feet wide, 8480.80 lineal feet at eleven cents per lineal foot, $932.89; five inches of Portland cement concrete, six feet wide, 8480.80 lineal feet at seventy-five cents per lineal foot, $6360.66. Appellant owns approximately 3100 feet of property fronting on this street, so that his portion of the cost of the improvement will be between $6000 and $7000, and when the sidewalk is laid its surface will be from three feet to seven feet above the surface of the ad-

jacent property, most of which is vacant lots. The only description of the sidewalk in the ordinance is as follows: "That a cement sidewalk six feet in width be and is hereby ordered constructed on both sides of Indianapolis avenue from the south-easterly curb line of Ewing avenue to the Indiana State line, at a line parallel with and five feet from the lot line on both sides of said street in the said city of Chicago, except across the roadways of all intersecting streets and alleys. Said sidewalk shall be constructed as follows: A sub-grade shall be prepared by cutting down or filling up the surface of the ground to fourteen inches below the grade of the sidewalk space as hereinafter established. Wherever filling is necessary it shall be done with earth or other material equally as good for filling purposes, free from animal or vegetable matter, thoroughly compacted. Upon the sub-grade thus prepared shall be placed a layer of cinders or other material equally as good for the purposes of a foundation, which foundation shall be nine inches in depth after being thoroughly compacted. Upon said foundation shall be placed a layer of Portland cement concrete." The height of the sidewalk is also given at various street intersections as from seven to twelve feet above datum, which datum is also given.

It appears from the evidence that in the construction of this sidewalk it will be necessary to construct a fill or grade of various heights, from three to seven feet, the average being something over three feet, the filling to be done with earth. No provision is made for a retaining wall or berme or embankment to hold this grading in place. It must be at least six feet wide at the top, and so far as any description is given in the ordinance it is the same width at the base, which would be entirely impracticable if constructed with earth, as the ordinance provides. In the case of *City of Chicago* v. *Cummings,* 250 Ill. 423, this court held that the foundation of every special assessment is a valid ordinance specifically describing the nature, character and local-

ity of the proposed improvement, and no valid assessment can be predicated upon an ordinance which omits from its terms essential features of the improvement; that if the construction of a sidewalk in front of certain property at the grade required will put the walk nine feet above the surface of the property and require the construction of either a retaining wall or embankment to retain the fill the ordinance should provide for such wall or embankment and specify its character, and if the ordinance makes no such provision it is defective and will not authorize a judgment of confirmation against the property. In that case the ordinance provided, as did the ordinance in the case at bar, that property owners whose property adjoins the sidewalk should have the right to construct the sidewalk in front of their property within forty days, provided the work so to be done shall in all the respects conform to the requirements of the ordinance and be under the superintendence of the board of local improvements. Under such an ordinance a property owner could not avail himself of that right as he could not know from the ordinance what would be a compliance with its terms, as it would be necessary for the board of local improvements to determine of what a retaining wall or berme should be constructed to hold the filling in place. If a retaining wall were decided upon, it might be constructed of stone, concrete, brick or wood, and if a berme were constructed, either gravel, crushed stone or some other material might be used. To the same effect are *Washington Ice Co.* v. *City of Chicago,* 147 Ill. 327, and *Title Guarantee and Trust Co.* v. *City of Chicago,* 162 id. 505.

On the authority of the cases cited we think the objections as to the reasonableness and validity of the ordinance in question should have been sustained and not overruled.

For the reasons given, the judgment of the county court of Cook county will be reversed and the cause remanded.

*Reversed and remanded.*