IN THE MATTER OF THE APPEAL OF PETER BURG FROM THE DETERMINATION OF THE TOWN BOARD OF THE TOWNSHIP OF ROSEDALE, MAHNOMEN COUNTY, MINNESOTA.

PETER BURG v. TOWNSHIP OF ROSEDALE.[1]

October 10, 1919.

No. 21,365.

**Highway — assessment of benefits from condemnation — drainage.**
　Upon a trial to determine the amount of benefits to which a landowner

[1]Reported in 174 N. W. 309.

is entitled for the taking of a portion of his farm for a public highway, the benefit flowing to such land from drainage may be considered and offset against the value of the land taken when the proof is sufficiently certain and direct.

The supervisors of the town of Rosedale in Mahnomen county laid out a town road and it was constructed. The facts are stated in the first paragraph of the opinion. Peter Burg appealed from the assessment of benefits and damages to the district court for that county, where the appeal was heard by Grindeland, J., and a jury which found in favor of respondent town. From an order denying appellant's motion for judgment notwithstanding the verdict or for a new trial, Peter Burg appealed. Affirmed.

*P. F. Schroeder,* for appellant.
*Clayton C. Cooper,* for respondent.

QUINN, J.

Appellant is the owner of the west one-half of the southwest quarter of section 30 in the town of Rosedale, Mahnomen county, upon the south line of which was a slough unfit for cultivation. In 1915 the town board of Rosedale attempted to lay out and establish a public highway on the south line of that section, and, during the fall of 1917, entered into a contract for the grading of a road across such slough. While this work was under way appellant procured an order from the district court restraining the town and its officers from proceeding further, upon the theory that the proceedings for the establishment of such highway were defective and void. Subsequently a subcontractor, through some inadvertence, did further work in the way of grading the road, so that it was thereafter used and traveled by the public. In the spring of 1918, a new petition was filed and the town board established a highway four rods wide upon the same line, the restraining order being still in force. In establishing the highway under the second petition the board determined that the benefits offset the damages which the highway would cause to appellant's land. Appellant appealed from the assessment to the district court where the matter was tried to a jury and a verdict returned in favor of the respondent. From an order denying his motion

for judgment in his favor notwithstanding the verdict, and if that be denied for a new trial, appellant appealed.

The record presents but one question for determination here, viz.: Was the question of benefits properly submitted to the jury? We answer the query in the affirmative. As bearing upon this phase of the case the trial court instructed the jury that: "One of the questions for you to determine is, does this road as now constructed benefit appellant's land by draining it? When I say this road, it includes the road ditches of the road in question. It is for you to determine whether the appellant nas received any special benefits from the laying out of the road, and in arriving at such special benefits you should not take into consideration the general advantages which the owner would enjoy in common with the rest of the community. A general rule is that the amount of benefits or damages shall be estimated by you, taking the fair market value of the farm of the appellant without the road and the fair market value of his farm with the road, without taking into consideration the general benefits to the community, and if you find that his farm is worth as much or more with this road laid out, you are to find for the respondent in this action. But should you find that appellant's damages are greater than his benefits then you should give appellant a verdict for the difference."

The rule adopted in Swenson v. Board of Suprs. of Town of Hallock, 95 Minn. 161, 103 N. W. 895, relied upon by appellant, is not controlling under the proofs in the case at bar. In that case it was held that proof of a local custom of a town to improve roads as rapidly as possible, and judicial notice of a general custom to construct roads so as to afford some drainage, is not sufficient evidence to establish benefits to lands abutting upon such highway. In the case at bar, the road in question, at the time of the trial, had been graded and the work of drainage completed. The effect upon the adjoining land which the grading and ditching would have, could be shown and determined to a certainty. The evidence warranted the submission of the question of benefits by drainage to the jury. That phase of the case was clearly and fairly submitted to the jury and there was ample evidence to sustain the findings. The question of misconduct of counsel is not within the record.

Affirmed.