CASE 72—PETITION EQUITY—MAY 14.

# Graham, &c., v. Conger, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. TAXATION.—The Legislature has no power to impose a tax upon the land bordering on a county road to pay the entire cost of converting such a road into a turnpike. All who are directly benefited by the improvement, or who, by reason of their proximity to the road, will practically derive the benefit, must be required to share the burden in order that there may be such equality and uniformity in the taxation as the Constitution requires.

2. ESTOPPEL.—The tax-payers who have procured the passage of an act providing for such an improvement are estopped to deny its validity as against those who have made the improvement under it.

3. TITLE OF ACT.—The subject of an act providing for the improvement of a county road, known as the "Fountain Ferry Road," at the cost of the owners of land bordering on the road, was sufficiently expressed by the title: "An act providing for the improvement of the Fountain Ferry Road (describing it), at the cost of the property benefited thereby."

JAMES S. PIRTLE FOR APPELLANTS.

The act of the Legislature upon which plaintiffs rely is unconstitutional, because

1. The subject of the act is not expressed in the title. The title gives notice that only those *to be benefited* are to be taxed. Hence, all legislation providing for a tax upon those not benefited is not germain to the title of the act.

2. The tax imposed upon the land-owners within the district is burdensome and oppressive, amounting to spoliation, and also is in violation of the principle which requires taxation to be uniform and equal. That principle applies as well to taxation to keep up the county roads as to taxation for street improvements. (Howell v. Bristol, 8 Bush, 498; Lexington v. McQuillan's Heirs, 9 Dana, 517-18.)

The act does not come within the decisions of the Court of Appeals sustaining taxation for railroads, for in each instance where the tax was sustained there was subscription to the stock of the railroad in contemplation, or made. Besides, a railroad or turnpike improvement is not like a street or county road improvement, being special instances of taxation, while the latter are general and incident to the cities or counties, and only valid when the taxation resulting from them is uniform and approximately equal. (13 B. M., 9; 8 Bush,

219; 9 bush, 515; 17 B. M., 355; 2 Met., 175; 10 Bush, 574; *Ibid.*, 611; *Id.*, 718; 5 Bush, 226.)

The case of Malchus v. Highland, &c., 4 Bush, 547, distinguished.

(Counsel filed petition for extension of mandate so as to direct the dismissal of the petition, which was overruled.)

C. B. SEYMOUR, LAF. JOSEPH AND HUMPHREY MARSHALL FOR APPELLEES.

1. The subject of the act imposing the burden is sufficiently expressed in the title. (Sess. Acts 1881, vol. 2, p. 683; McRynolds v. Smallhouse, 8 Bush, 453; Howland Coal and Iron Works v. Brown, 13 Bush, 681; Hoke v. Commonwealth, 79 Ky., 569; Jacobs v. L. & N. R. R. Co., 10 Bush, 271.)

2. The provisions of the act are within the scope of legislative power.

It is competent to provide for the grading and macadamizing any public road within a district, at the cost of the lands-abutting on such road. (Malchus v. District of Highlands, 4 Bush, 547.)

A tax on a section of a county is constitutional. The Legislature is not confined in such taxation to existing civil or political districts. (County Judge of Shelby County v. Shelby R. R. Co., 5 Bush, 228.)

All street improvements are paid for on the idea that the square bound for the tax is a taxing district. (Lexington v. McQuillan, 9 Dana, 513.)

The Legislature may even *require* a county court to subscribe for stock in a railroad company in behalf of a precinct through which the railroad passes. (Allison v. L. H. C. & W. R. R. Co., 10 Bush, 2)

The right to impose such a tax as that imposed in this case does not depend on a popular vote. Nor does the fact that a lot within the district is injured, instead of benefited, exempt it from the tax. (Pearson v. Zable, 78 Ky., 173.)

The fact that other roads in the county are not to be macadamized and kept in repair at public expense, is no matter of inequality of taxation.

These doctrines are not confined to this State. (Spencer v. Merchant, 100 N. Y., 586.)

C. B. SEYMOUR FOR APPELLEES IN PETITION FOR REHEARING.

1. An act of the Legislature ought not to be pronounced unconstitutional, unless on its face it is void. The question of constitutionality can not be tried as an issue of fact.

2. If the judgment of this court stands, the appellees ask leave to reply and show that there is a special and peculiar benefit from the improvement to the district taxed, and that appellants' land is greatly increased in value.

LANE & BURNETT in supplemental petition for rehearing.

1. The only thing the opinion urges against the act relied on is an abuse of power by the General Assembly, and this in no manner calls in question their power to act, or the constitutionality of their action. (Sharpless, &c., v. The Mayor, &c., 21 Penn., 147; 2 W. & S., 271; 10 Watts, 63; 3 Dallas, 386; 6 Cranch, 87; 18 Wend., 9; 9 Cranch, 43; 1 Bay, 252; 1 Baldwin, C. C., 205.)

Judicial tribunals can not interfere with legislative discretion, however erroneous it may be. (1 Ohio, 126; 5 Ohio St., 243; 47 N. Y., 608; 44 Vt., 174; 38 Miss., 652; 58 Penn., 320; 20 Gratt., 61; 8 Ind., 358; 4 Bush, 547; 11 Kansas, 394; 6 Allen, 353.)

2. The power to determine what shall be the taxing district for any particular burden is purely a legislative power, and not to be interfered with or controlled by the courts. (Cooley on Taxation, 111; Howell v. Buffalo, 37 N. Y., 267.)

3. The court should extend its opinion and indicate whether the defense relied on is spoliation or want of power in the Legislature to pass the act in question.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

By an act of the Legislature, approved the twenty-first of April, in the year 1882, on the petition, as is alleged, of a large majority of persons owning property on either side of the Ferry Fountain road, in the county of Jefferson, a tax was imposed on the owners of the land lying between two lines parallel to the center of the road, and distant on each side eight hundred feet, for the purpose of improving and macadamizing the road (that was then an ordinary county road) from the western boundary of the city of Louisville, extending to the bank of the Ohio river. The commissioners under the act, authorized by its provisions to contract for the construction of the improvement, gave the contract to the appellee Conger, who completed the work in accordance with his contract, and is now seeking to enforce his lien on the land bordering on the road, and owned by these appellants. The

entire improvement, including compensation to the engineer and other expenses, amounted to about the sum of twenty thousand dollars.

The appellants filed an answer, presenting several defenses to the action, only one of which will be determined in this case, viz.: The validity of the act under which this work was done. It is insisted by counsel for the appellant that the act is unconstitutional for two reasons. 1. The title of the act is misleading. 2. That the taxation imposed is unequal, and the property of the appellants proposed to be taken for public use without compensation.

A demurrer was sustained to the answer filed, and the facts therein alleged, connected with the act of the Legislature under which this lien is sought to be enforced, presents the constitutional question. The apportionment of the cost of the work was proper, and a lien exists by the provisions of the enactment, if the demurrer was properly overruled.

It is alleged in the petition that the road improved was, at the time of the passing of the act, one of the ordinary county roads of Jefferson county, under the supervision of the county authorities, worked and kept in order at the usual expense attending the improving of county roads, and the expenses paid out of the county levy. That the cost to each land owner was only a few cents to the acre for such improvements as were required to keep the road in repair, and paid out of the annual levy. That the tax imposed for the extraordinary improvement made amounts to fifty dollars an acre on the land lying within the taxed boundary, or one dollar per foot fronting the road on either

side. That these appellants were not instrumental in obtaining the passage of the law or benefited by the improvement. That there is no general system of taxation for turnpike purposes within the county, and, therefore, the Legislature exceeded its authority in requiring these appellants to pay for this public road or its improvement, that belongs to the county or under its control, and from which they derive no income, and no greater benefits than must necessarily be attached to farming lands bordering on a public highway.

The land sought to be taxed is agricultural land, and its annual rental about four dollars per acre.

By section 5 of the act, it is made the duty of the Jefferson county court "to cause to be ascertained the names of the owners of each and every square foot of land within the tax district described in the first section of the act, *and to assess the entire cost of said improvement of said road, including the compensation to the engineer, etc., equally upon each square foot of land within said district*, and a lien shall exist for the same on said property," etc.

By the seventh section it is provided, "that after the Fountain Ferry Road is improved as herein provided, it shall be a public road, and shall be thereafter kept in repair by Jefferson county as such."

The act is entitled "An act providing for the improvement of the Fountain Ferry Road (describing it), at the cost of the property benefited thereby." We perceive no objection to the title. Such is the purpose of the enactment, and the body of the act following the title authorizes the improvement made at the cost

of the owners of the land bordering on the road. There is nothing foreign to the title, and the Legislature has declared, by the passage of the law, that the improvement is beneficial to the owners. That the improvement is beneficial there is but little room for doubt, and whether or not benefits are equal in all cases to the burden imposed is not a material inquiry.

The constitutional requirement in reference to uniformity and equality in taxation, and that prevents such a discrimination as imposes the burden on a few for the benefit of all, seems not to have been regarded in the legislation upon the subject-matter involved in this case.

While districts may be created and taxation imposed according to the value of the property within the particular district for the construction of turnpikes and other improvements, upon the idea of benefits derived, we are aware of no rule or principle of taxation that would authorize the taxation of agricultural lands by the square foot, or of compelling those who own land bordering on an ordinary county road to incur the entire expense of keeping the road in repair; and certainly no system exists by which such extraordinary expenditures can be made, as in this case, imposing a burden of fifty dollars an acre on agricultural land for the construction of an improvement for no other reason than that the land borders upon the improvement made.

The road is devoted to the public use. It is a county road in which the entire public is interested, and where the owners of the adjacent land, although not touching the road, are equally benefited with those living

directly upon it. The few living adjacent to the improvement have been selected to discharge a burden that should be assumed by all, or at least by those who are benefited by it. It is a local tax for a county purpose, a common burden imposed on a few, that violates every principle of just and uniform taxation, and borders on spoliation.

If the owners of land bordering on this particular road can be compelled to improve it by converting the dirt road into a turnpike, then the owners of land bordering on every other road in the county may be required to make a like improvement, and by this means five-sixths, or a greater proportion, of the taxpayers of the county directly interested in such improvements, released from taxation, and the entire burden placed upon those who happen to live near the improvement made. The burden may be apportioned according to the benefits received, whether it be a county or district tax; but such an unjust discrimination as has been made in this case, and that would exist if a like system had been adopted for the entire county, is in direct violation of the Constitution, and an appropriation of the property of the citizen for public use without just compensation. Local taxation is often proper, because of the local benefits received; and the law-making power can ascertain those who, from the benefits derived, should be made the subject of taxation with an approximate certainty, and in this manner produce as near as is practicable uniformity and equality in the discharge of the burden; but to say that a few persons living on the road shall pay twenty thousand dollars for improving it,

and then have no other interest in it than his neighbor who rides over it and uses it, is so obviously unjust as to require only the statement to show that it is in plain disregard of the rights of these appellants. It may be called a taxing district, but this imparts no efficacy to such legislation where the district, when created, shows that the burden is imposed on a few for the benefit of all. In this consists the wrong done these appellants, and entitles them to the relief sought.

We do not mean to adjudge that turnpike districts may not be created in a county, and those within the district taxed to construct them, but in imposing the burden, the district should include and the burden be imposed on those who are directly benefited by it, or who, by reason of their proximity to the road, would practically derive the benefits.

The mode of assessments and taxation for street improvements can not be applied to the improvement of highways in the country. The cost of the improvement of streets and sidewalks in cities and towns is usually imposed on the property in each square where the improvement is made—that is, each square is made to improve the street fronting it. This is upon the idea, as said by this court in the case of City of Lexington v. McQuillan's Heirs, 9 Dana, 513, that all the streets and sidewalks may be expected to be improved at some time in a similar manner, and each square being liable for the cost incident to the improvement upon which it borders, it approximates uniformity and equality as between the owners of the property, and this is indispensable in imposing such taxation. All the property within the square

will, in this manner, be taxed for like improvements. The improvements may not be made at the same time, but the practical result of such a system is to make all the realty responsible for such improvements. Not so with reference to the taxation in this case. If we could assume that the Legislature would require the counties to make turnpikes on all their public roads, as we do with reference to the grading and constructing of streets in cities and towns under the authority of the common council, still the mode adopted in this case is clearly unconstitutional, because it taxes those for the improvements who live or own land on the road, and omit to impose any of the burden on those who derive similar benefits, for no other reason than that their land is not bounded by the improvement. A tax is imposed on a minority for the benefit of the majority, when the improvement is beneficial to all. It is similar to taxing a few feet of the realty on the street in a city fronting the entire square, making it pay for the improvement, and leaving other owners of property within the center of the same square free from any burden. A tax for a public purpose can not be imposed in such a manner, and the system of street improvements, when applied to highways in the country, is not only impolitic, but a plain departure from that doctrine of equality constituting the basis of all taxation.

In our opinion, no lien exists upon this land for the improvement made, if the answer presents the facts of this case, and the demurrer should have been overruled. Those obtaining the grant would, of course, be estopped from denying its validity as against those who have made the improvement under it.

Judgment reversed and remanded.