IVER LIEN and Others v. BOARD OF COUNTY COMMISSIONERS OF NORMAN COUNTY.[1]

May 29, 1900.

Nos. 12,143—(245).

**Drainage of Wet Lands—Laws 1887, c. 97.**

Laws 1887, c. 97, being an act providing for the drainage of wet and swampy lands in the interests of the public health, convenience, and welfare, *held* valid as a proper exercise of the police power.

**Same—Laws 1887, c. 98.**

Said chapter was not repealed by implication by Laws 1887, c. 98. Both acts were intended by the legislature as independent statutes.

**Title of Act—Subject.**

If the subject of an act of the legislature, as stated in the title, be sufficiently broad and comprehensive to indicate the general character and purpose of the act, there is a sufficient compliance with the constitutional requirement that the subject of each act of the legislature shall be expressed in its title.

**Same—Laws 1887, c. 97.**

The title to Laws 1887, c. 97, aforesaid, *held* a sufficient compliance with the constitutional requirement.

[1] Reported in 82 N. W. 1094.

Assessment of Cost.

> It is competent for the legislature, in the enactment of laws providing for public improvements in the interests of the public health, comfort, and convenience, to provide that the cost and expense of such improvements be assessed against lands benefited and improved thereby, and chapter 97 aforesaid is not open to the objection that such assessment is unequal taxation.

From an order of the board of county commissioners of Norman county establishing a drainage ditch, and assessing damages and benefits, Iver Lien and others appealed to the district court for that county. In the district court the appeal was heard before Watts, J., and a jury, which rendered a verdict sustaining the action of the commissioners and determining damages and benefits. From an order denying a motion for a new trial, appellants appealed to the supreme court. Affirmed.

*H. Steenerson* and *W. E. Rowe,* for appellants.

So far as any public purpose is concerned this act is inoperative. The enabling of owners of lands to drain and reclaim when the same cannot be done without affecting the lands of others is a private object for which neither the power of eminent domain nor the police powers nor the taxing powers of the government can be exercised. The legislature cannot take the property of one and confer it upon another for merely a private use. Miller v. Troost, 14 Minn. 282 (365); Bankhead v. Brown, 25 Iowa, 540; In re St. Paul & N. Pac. Ry. Co., 34 Minn. 227; Mills, Em. Dom. § 10, et seq.; Logan v. Stogsdale, 123 Ind. 372; Gifford v. Shroer, 145 Ind. 572; Deisner v. Simpson, 72 Ind. 435; Anderson v. Kerns, 14 Ind. 199; Tillman v. Kircher, 64 Ind. 104; Chambers v. Kyle, 67 Ind. 206; McKinsey v. Bowman, 58 Ind. 88; Fleming v. Hull, 73 Iowa, 598; Jenal v. Green Island, 12 Neb. 163; Donnelly v. Decker, 58 Wis. 461; In re Theresa, 90 Wis. 301. The whole cost of the improvement, as well as the maintenance, is required to be assessed against the lands benefited in proportion to such benefits. It is an "assessment" for local improvement. Such an assessment is authorized by Const. art. 9, § 1, in case of municipal corporations, but the board of county commissioners is not a municipal corporation. 1 Dillon,

Mun. Corp. § 22. The act authorizes the taxing, not according to the rule of uniformity, but according to the benefits conferred, and is void. State v. District Court, 33 Minn. 235, 243. The act is void for conflict with Const. art. 4, § 27, for the reason that the subject is not expressed in the title. Duke v. O'Bryan, 100 Ky. 710; Cooley, Const. Lim. 181; Mewherter v. Price, 11 Ind. 199; Sutherland, St. Const. §§ 90, 102; Simard v. Sullivan, 71 Minn. 517; State v. Sullivan, 73 Minn. 383. See also State v. Sullivan, 72 Minn. 126; Palmer v. Bank of Zumbrota, 72 Minn. 266, 275; Winona & St. P. R. Co. v. Waldron, 11 Minn. 392 (515). In order to make the violation of the constitution still more flagrant the legislature enacted Laws 1899, c. 347, which seeks to amend sections 1 and 2 of the act of 1887 by providing for the utilizing of rivers and other natural water courses in the construction of drains and changing the channels of natural water courses. This cannot be done under the original title. The act in question is superseded and repealed by Laws 1887, c. 98. A statute revising the subject-matter of a prior act, and evidently intended as a substitute for it, operates as a repeal. Rundlett v. City of St. Paul, 64 Minn. 223; 23 Am. & Eng. Enc. 485.

The evidence shows that the improvements accomplished by the construction of this ditch would be of a private nature. Where the benefit to be derived from the construction of a proposed drain is purely private, the landowner cannot be assessed against his will for the construction of such ditch. Donnelly v. Decker, supra; In re Theresa, supra; Gifford v. Shroer, supra; Cooley, Const. Lim. 665, 741.

*Peter Sharpe* and *W. W. Calkins*, for respondent.

It would be impossible for a situation to arise in which a piece of land could be assessed for more than actual benefits, and therefore those cases which hold that where a law makes an assessment for more than actual benefits on land it is unconstitutional, as unequal taxation, do not apply. Wurts v. Hoagland, 114 U. S. 606; Bryant v. Robbins, 70 Wis. 258; Fleming v. Hull, 73 Iowa, 598; Dowlan v. County of Sibley, 36 Minn. 430. The title of the act is sufficient. Cooley, Const. Lim. (6th Ed.) 172; Hall v. Slaybaugh, 69 Mich. 484; State v. Cassidy, 22 Minn. 312; State v. Klein, 22 Minn. 328; Finne-

gan v. Noerenberg, 52 Minn. 239; Boyle v. Vanderhoof, 45 Minn. 31; State v. Hickman, 63 N. J. L. 666; McEldowney v. Wyatt, 44 W. Va. 711; State v. Ream, 16 Neb. 681. See Sheehan v. Flynn, 59 Minn. 436; Oftelie v. Town of Hammond, 78 Minn. 275; Thompson v. County of Polk, 38 Minn. 130; Anderson v. County of Meeker, 46 Minn. 237; Curran v. County of Sibley, 47 Minn. 313; Curran v. Board of Co. Commrs., 56 Minn. 432; Witty v. Board of Co. Commrs., 76 Minn. 286; Dressen v. Board of Co. Commrs., 76 Minn. 290; Continental v. Phelps, 47 Mich. 299. Laws 1887, c. 97, is not superseded by Laws 1887, c. 98. 23 Am. & Eng. Enc. 485.

BROWN, J.

This is a proceeding for the establishment and construction of a ditch under and pursuant to the provisions of Laws 1887, c. 97 (G. S. 1894, § 7793, et seq.). A petition in due form was presented to the board of county commissioners of Norman county, under which due proceedings were had, which resulted in an order laying out and establishing the ditch as therein prayed for. From such order an appeal was taken to the district court, where, after trial by the court and a jury, a verdict was rendered sustaining the action of the commissioners. From an order denying a motion for a new trial, this appeal was taken.

The route of the proposed ditch extends through lands devoted exclusively to agricultural purposes, and is some sixteen miles in length; its starting point being in the town of McDonaldsville, Norman county, and ending at a point north and west therefrom, near the Red River of the North. The petition alleges, among other things the following facts:

"First. That the proposed ditch herein petitioned for is necessary, for the following reasons: (a) That the lands for several miles on each side of the proposed ditch, in the townships of Hegne, McDonaldsville, Anthony, Hendrum, and Halstad, in said county of Norman, are fertile farming lands and largely under cultivation; that in wet seasons, and especially in times of flood on the Wild Rice river, said lands are liable to overflow from flood waters from the Wild Rice river, and from surface waters from the surrounding country, drowning out and destroying the crops of large areas of valuable lands, and rendering such lands practically worthless; that during said wet seasons the water spreads out over a large territory, and in warm weather it becomes stagnant, foul and pol-

luted, creating a great stench, and becoming dangerous to the health and life of the community residing in the vicinity. (b) That the route of said ditch is practicable, and such ditch will draw off water in wet seasons from a large territory tributary thereto, conducing to the public convenience, health, and welfare. (c) That the benefits to be derived from the construction of such ditch will be vastly greater than the total costs thereof, including any damages that it will be necessary to award by reason thereof."

The route of the proposed ditch is specifically pointed out and described, and the several tracts of land through which it will extend are given. The existence of the facts so set up in the petition is essential to the right and power of the commissioners to act. That they do exist is established by the verdict of the jury. None of the evidence taken on the trial is returned to this court. Counsel for appellants do not question the regularity of the proceedings or the sufficiency of the evidence. They attack the constitutionality of the law under which the proceedings are conducted, and assign some errors in the refusal of the trial court to give some requests for instructions, which, because the evidence is not before us, are of minor importance. They contend that the statute is unconstitutional upon the grounds and for the reasons (1) that it authorizes the taking of private property for a private use; (2) that it provides for the levy of taxes which are not uniform or based upon the value of the property; (3) that the subject of the act is not expressed in its title; (4) that the act is void, because it is superseded by Laws 1887, c. 98. These constitutional objections present the principal questions in the case.

The authority of the legislature to enact drainage laws is derived from the police power, the right of eminent domain, or the taxing power, and is undoubted. 10 Am. & Eng. Enc. (2d Ed.) 223. It is founded in the right of the state to protect the public health, and provide for the public convenience and welfare. The authority is uniformly recognized and sustained by the courts upon one of the three grounds. There is not full harmony as to the grounds on which the laws are sustained; some courts placing the power to enact them upon one and some upon another ground. But all agree in sustaining them when enacted in the interest of the public health, convenience, or welfare. Where the laws have for their

object the reclamation of large tracts of wet and swampy lands for agricultural purposes, they are sustained under the right of eminent domain. The fact that large tracts of otherwise waste lands may be thus reclaimed and made suitable for agricultural purposes is deemed and held to constitute a public benefit. When the object is to drain such lands in the interest of the public health and welfare, such laws are sustained and upheld as a proper exercise of the police power. Bryant v. Robbins, 70 Wis. 258, 35 N. W. 545; Wurts v. Hoagland, 114 U. S. 606, 5 Sup. Ct. 1086.

The test as to the validity of such laws is found in the objects and purposes thereof. When for a purely private purpose, they are invalid and unenforceable. The legislature has no power to exercise the right of eminent domain, the police power, or the power of taxation for private purposes; and, unless the act under consideration has for its objects the furtherance of public interests, it cannot be sustained. In all cases where such laws are authorized, the further power and authority to provide for assessing the cost and expense of the improvement against the lands benefited follow as a natural result. The power to so assess the cost of the improvements against lands benefited is a necessary and proper incident to the exercise of the power to make the improvement. And a statute providing therefor is not open to the constitutional objection that it is unequal taxation. For such purposes a county is a "municipal corporation," within the meaning of the constitution. Dowlan v. County of Sibley, 36 Minn. 430, 31 N. W. 517.

Counsel for appellants contend that the act, construed from the standpoint of its title, has for its purpose and object the interest of private individuals, and not the public welfare or convenience. And, further, that, if it be construed as in the interest of the public good, it is void, because no such object or purpose is expressed in the title of the act. The title of the act is as follows:

"An act to enable the owners of lands to drain and reclaim them when the same cannot be done without affecting the lands of others; prescribing the powers and duties of county commissioners and other officers in the premises, and providing for the repair and enlargement of such drains, and repealing certain acts therein specified, and declaring an emergency."

1. There can be no question but that the act is in the interest of the public, and for exclusively public purposes. No ditch can be established or laid out thereunder unless the county commissioners expressly find that it will be of "public utility, or conducive to public health or of public benefit or convenience." Section 1 of the act clearly shows that the intent and purpose of the legislature was to further and promote the public interests, and section 9 makes a finding of such public purpose an essential to the jurisdiction of the commissioners to proceed. This is clearly conclusive against appellants' contention that the objects of the statute are in furtherance of private interests. It does not matter that in accomplishing the public objects of the act private interests are advanced. Such a result is merely incidental, and does not affect the validity of the law. In determining the purpose of a statute, we must look to all its parts, not merely the title; and upon the whole statute, title and all, we hold that it should be sustained as a proper exercise of police power or of the right of eminent domain. It is immaterial upon which ground we place it.

2. Neither can there be any serious question as to the sufficiency of the title. It is not fatal that the objects and purposes of the act are not expressed in full in the title. Our constitution does not require the title of an act of the legislature to be so broad. It requires the subject of each act to be so expressed, but not the "purposes" or "objects" of the proposed statute. The objects of an act may not always appear from the subject as expressed in the title. Sutherland, St. Const. § 83; State v. Cassidy, 22 Minn. 312. And to require the objects to be there fully conveyed and expressed would lead to prolix titles, and tend to embarrass and inconvenience legislation. The object of requiring the title to express the subject of the act is to furnish the legislature with short and concise information concerning the proposed enactment. And if the subject, as expressed and named, be sufficiently broad and comprehensive to indicate the general purposes of the act, it is sufficient. Burnside v. Lincoln County Court, 86 Ky. 423. Says the supreme court of Illinois:

"The provision does not require that the subject of the bill shall

be specifically and exactly expressed in the title; hence we conclude that any expression in the title which calls attention to the subject of the bill, although in general terms, is all that is required." Johnson v. People, 83 Ill. 431, 436.

A variety of instances where the title to statutory enactments is not nearly as expressive as the one under consideration is found in the books. Sutherland, St. Const. § 92. In Indiana a drainage statute was entitled "An act concerning drainage," and it was held sufficient. Wishmier v. State, 97 Ind. 160. The title of the act in question is much broader than that of the Indiana statute, and that case is directly in point. See also Board of Supervisors v. Heenan, 2 Minn. 281 (330); Bright v. McCullough, 27 Ind. 223. In State v. Cassidy, supra, the court, after citing some Minnesota cases, at page 324 says:

"The rule of construction established by these cases is still unquestioned in this court, and must, if adhered to, be decisive or the case now before it. Under such rule, as exemplified by these cases, if the legislature is fairly apprised of the general character of an enactment by the subject as expressed in its title, and all its provisions have a just and proper reference thereto, and are such as, by the nature of the subject so indicated, are manifestly appropriate in that connection, and as might reasonably be looked for in a measure of such character, then the requirement of the constitution is complied with."

Although the title of this act is not as complete as it might have been made, we think that, within the rule laid down by these cases, there is a sufficient compliance with the requirement of the constitution. The objections made by appellants' counsel are not, however, wholly without merit; but, reading the entire title, together and in connection with the act itself, there is no doubt in our minds as to its sufficiency, and we sustain it.

3. The claim made by appellants that the act in question was superseded and repealed by Laws 1887, c. 98 (G. S. 1894, § 7741, et seq.) is untenable. That act was passed at the same session of the legislature, and some six days later than the act in question. It is very true that a revised statute which covers and embraces the subject-matter of a prior statute, and which was evidently intended by the legislature as a substitute for it, operates as a repeal of the

80 M.—5

prior statute, whether it contains a repealing clause or not. The law on this subject is correctly summed up in 23 Am. & Eng. Enc. 485:

"Where two acts are not in express terms repugnant, but the later act covers the whole subject-matter of the earlier, not purporting to amend it, and plainly shows that it was intended as a substitute for the earlier, it will operate as a repeal thereof, though all the provisions of the two may not be repugnant. But there must be unmistakable intent manifested on the part of the legislature to make the new act a substitute for the old and to contain all the law on the subject; for mere similarity in the provisions of the two statutes is not enough to effect a repeal, even though the similarity may be such as to cause confusion or inconvenience."

By taking notice of the legislative journals, which we have the right to do, we find these two statutes before the legislature at one and the same time. Chapter 98 was introduced in the house of representatives on January 28; but chapter 97, which appellants contend was repealed by said chapter 98, was not introduced until February 20 following. Chapter 98, having been first prepared and introduced, could not possibly have been intended as a substitute for, or a revision of, chapter 97, the bill for the enactment of which had not then ever been before the legislature. The conclusion is inevitable that both acts were intended as independent statutes. They are not so inconsistent or repugnant as to render either inoperative, or as superseded or repealed.

4. At the trial in the court below appellants submitted to the court several requests to charge the jury, and the refusal to give some of them is assigned as error. We have examined them all, and find nothing in any of them of vital importance. The record contains none of the evidence received on the trial, and it is impossible to say whether the requests are applicable thereto or not. The synopsis of the evidence contained in the settled case is not certified to as correct by the trial judge, and the point made by respondent, that the evidence is not returned to this court, must be sustained.

One of appellants' requests to charge the jury is as follows:

"By the word 'public,' as used in the statute, is meant the public

at large, and not simply the people who are affected by the establishment of the proposed ditch. If the jury find that the establishment of the ditch will only affect the health, convenience, or welfare of those residing upon lands drained by the ditch, or those whose lands are in any way affected by its construction, then the jury should find against the establishment of the proposed ditch."

The refusal of this was not error. "It is not necessary, in order to constitute a public use, that the whole community, or any large portion thereof, should participate in the use, or that all should be equally benefited." Ross v. Davis, 97 Ind. 79; Talbot v. Hudson, 16 Gray, 417; Chesbrough v. Commissioners, 37 Oh. St. 508; 10 Am. & Eng. Enc. (2d Ed.) 225. The benefits may be limited to the inhabitants of a small locality, and, if they are enjoyed in common by all, the use is sufficiently public.

No other assignments of error require special mention. If the fourteenth and fifteenth requests were made applicable to the issues by the evidence, they were sufficiently covered by the general charge.

Order affirmed.