ALBERT H. SPERRY v. A. FLYGARE and Others.[1]

June 26, 1900.

Nos. 12,066—(114).

1 80   325
84   482

Rural Highway not a Local Improvement.

A rural highway, authorized to be laid out and established by Laws 1895, c. 302, is not a "local improvement," within the meaning of section 1, article 9, of the constitution.

Laws 1895, c. 302, Unconstitutional.

Said chapter 302, Laws 1895, is unconstitutional and void as in viola-

[1] Reported in 83 N. W. 180.

tion of section 1, article 9, of the constitution, which requires all taxes to be as nearly equal as may be.

'Appeal by defendants from an order of the district court for Kandiyohi county, Powers, J., overruling a demurrer to the complaint. Affirmed.

*Samuel Porter, Daniel Fish* and *Ell Torrance,* for appellants.

*Brown, Reed, Merrill & Buffington, Olson & Johnson* and *A. B. Choate,* for respondent.

BROWN, J.

This is an action to restrain and enjoin the defendants, board of county commissioners and auditor of Kandiyohi county, from issuing and negotiating the bonds of the county under and pursuant to Laws 1895, c. 302, to pay the cost and expense of locating and establishing a public highway under the terms of such law. Defendants demurred to the complaint, and appealed from an order overruling the same.

The act under which defendants are threatening to proceed, and which fully warrants the threatened action if valid and constitutional, is an evident attempt on the part of the legislature to extend the law of assessments for local improvements, heretofore, with respect to streets and the improvement thereof, confined exclusively to municipal corporations proper, to rural roads and highways to be laid out by county commissioners. Just why the legislature should deem it wise and prudent to do so is not clear. It is quite well known that assessments for the improvement of streets and sidewalks in our larger cities have proven exceedingly burdensome to property owners, and in some instances reached a point well-nigh to confiscation. Property owners of moderate means have been compelled to abandon their property, or sacrifice it by sale for much less than its actual value to avoid total loss. Owners of agricultural lands have hardships quite heavy enough to bear, and if any reasons exist for thrusting upon them the additional burdens incident to the "local-improvement" system of taxation, as practiced and enforced in cities, they are not apparent to the casual observer.

Taxation according to benefits as applied to improvements in the

streets of a city is very different when applied to a country highway. In the city the improvement will benefit and improve the property adjacent to, and abutting upon, the improved street, but will not benefit property remote therefrom, while in the country districts the highway is an advantage to the public at large, and the benefit thereof is not confined to farms through which it may pass. It is therefore reasonable to require the benefited city property to pay the expense of the improvement, while it would not be reasonable or just or fair to require the farms along the line of a country road to pay the entire cost and expense of opening and laying the same out. In a case in Pennsylvania where there was a similar attempt to extend this system into the country districts the supreme court said:

"To apply it [that is, taxation according to benefits] to the country and to farm lands would lead to such inequality and injustice as to deprive it of all soundness as a rule, or as a substitute for a fair and impartial valuation of benefits in pursuance of law; so that at the very first blush, every one would pronounce it to be palpably unreasonable and unjust. * * * Whether we view this avenue as a macadamized highway, seven miles long or three hundred, the result is the same to those along its route. To charge its cost upon the farms lying within one mile on each side at a fixed sum per acre, is so obviously erroneous and unreasonable, and leads to such a destruction of private right, and such unfairness of imposition for the advantage of the public at large, and of individuals who pay nothing, it cannot, on any fair principle of reasoning, be said to be a valuation according to benefits." Washington Ave. Case, 69 Pa. St. 352.

Such a law was declared invalid in Kentucky. Graham v. Conger, 85 Ky. 582, 4 S. W. 327.

The act under consideration authorizes the county commissioners of each county in the state to lay out and establish county roads and highways, and to charge and assess the cost and expense thereof to all lands lying within one mile of the highway, with certain exceptions, according to benefits received. Such assessments are not limited to the amount of benefits received, but the lands are made to pay the entire cost of the road, whether such cost exceed the benefits or not. But one question was argued in this court, and that with reference to the constitutionality of the

act. It is assailed in several particulars, but as we deem and hold it unconstitutional on the ground that the highways thereby authorized to be laid out are not "local improvements," within the meaning of section 1 of article 9 of the constitution of the state, our consideration of the act will be confined to that question.

As originally adopted, the constitution required all taxes to be as "nearly equal as may be," and while in this form it was held to prohibit special or local assessments for public purposes based on benefits. Stinson v. Smith, 8 Minn. 326 (366); Bidwell v. Coleman, 11 Minn. 45 (78); Comer v. Folsom, 13 Minn. 205 (219). To obviate the effect of these decisions, and in the interests of local improvements of a public nature, but so specially beneficial to private interests as to make it unjust to resort to the public treasury to pay therefor, the constitution was amended in 1869 by exempting from this equality provision assessments for local improvements by municipal corporations. So that unless the laying out of a rural highway is a "local improvement," within the meaning of the amended constitution, the act in question is invalid, as a violation of the requirement that all taxes be equal, within the above decisions. The term "local improvements" was defined by this court in Rogers v. City of St. Paul, 22 Minn. 494, 507, as follows:

"By common usage, especially as evidenced by the practice of courts and text-writers, the term 'local improvements' is employed as signifying improvements made in a particular locality, by which the real property adjoining or near such locality is specially benefited. * * * An examination of these authorities will also show that the term 'local improvements,' or terms synonymous, are more commonly applied to the grading, curbing and paving of streets than to any other class of improvements. Our constitution is to be presumed to have employed the term 'local improvements' in the sense which is thus attributed to it by common usage."

Prior to and ever since the adoption of the constitutional amendment roads and highways in the country districts were and have been laid out, established, and improved at the expense of the public at large. Damages for laying out such roads have been paid from the public treasury, and at no time have farm lands been assessed therefor, any further than, in assessing damages, benefits to the land through which the highway passes have been de-

ducted from the amount awarded to the landowner. But benefits accruing to the public generally have never been considered or allowed in reduction of individual damages. Until the passage of this act a rural highway was not understood to come within the meaning or to constitute a local improvement, and if sustained it will completely change the method heretofore in existence and employed for laying out and establishing such road. The term "local improvements" has been most generally used and employed in reference to improvements by municipal corporations proper, rather than to counties and towns, which are only quasi municipal corporations. 1 Dillon, Mun. Corp. § 22. And such has been the direction of legislation.

With respect to the construction of ditches for draining wet and swampy lands in the interests of the public welfare, and assessing the expense thereof to the lands benefited, a county has been held to be a municipal corporation, and such ditches local improvements, within the meaning of the constitution. Dowlan v. County of Sibley, 36 Minn. 430, 31 N. W. 517. But that decision can have no controlling force or effect with reference to the question here in hand. The construction of ditches for the purposes just stated operates peculiarly to the benefit of the lands adjacent to the ditch. Such lands are thereby reclaimed, and made suitable and fit for agricultural purposes, and it is proper and just that the lands so specially benefited and improved should pay the cost and expense incident to the improvement. This is true also with respect to the improvement of public streets of a municipal corporation proper, such as paving, construction of sewers, and laying sidewalks, all resulting in and constituting a special benefit to the property adjacent to, and abutting upon, the improved street. But not so with reference to farm lands adjoining a public road. Such road is not a special benefit to the farm, or the owner thereof, independent of, and unconnected with, the public benefit. It might be such a benefit if in its construction and improvement it drained wet and swampy portions of the land, or improved the same in some other special way. But such highways are not ordinarily beneficial in those respects. In speaking on the subject of local

improvements in the case of State v. Reis, 38 Minn. 371, 373, 38 N. W. 97, MITCHELL, J., said:

"It is not the agency used, or its comparative durability, but the result accomplished, which must determine whether a work is an improvement in the sense in which that word is here used.   The only essential elements of a 'local improvement' are those which the term itself implies, viz., that it shall benefit the property on which the cost is assessed in a manner local in its nature, and not enjoyed by property generally.   *   *   *   This construction is fully warranted by the definitions of the word 'improvement' given by lexicographers.   It has been defined as 'that by which the value of anything is increased, its excellence enhanced, or the like'; or 'an amelioration of the condition of property affected by the expenditure of labor or money, for the purpose of rendering it useful for other purposes than those for which it was originally used, or more useful for the same purposes.' "

A rural highway does not come within this definition.   Such a "road is devoted to the public use.   It is a highway in which the entire public is interested, and where the owners of adjacent land, although not touching the road, are equally benefited with those living upon it."   Graham v. Conger, supra.   A highway extending through a county is not ordinarily of any greater benefit to lands through which it passes than to lands farther removed therefrom. And, if this act be upheld, the burden of laying out and establishing country roads will hereafter be borne by the few for the benefit of the public generally.   A construction of our law that would work such an injustice should not be adopted.

The legislature may, no doubt, create and  establish taxing districts, and provide for the taxation of lands therein for public improvements necessary to, and in the interests of, the district, but such was not the object or purpose of this act.   The plain object of it was, as expressed by the learned judge below in his order overruling the demurrer, an attempt on the part of the legislature to "stamp all rural highways as local improvements."   It provides that owners of land within one mile of the highway laid out thereunder shall pay the cost and expense thereof.   It creates no district for taxing or other purposes, but simply selects a few landowners to discharge a burden that should be assumed by all, or at least by those who are equally benefited by the improvement.

The question as to the power and authority of the legislature in establishing taxing districts for the purposes of public improvements is not, therefore, before us.  The act cannot be sustained on the district theory.  In view of all these considerations, we are constrained to hold that a rural highway is not a "local improvement," within the meaning of the constitution, and that the act in question is invalid.

We have examined and considered the suggestions of counsel for appellant that the act may be sustained with the assessment feature eliminated, but we cannot see our way clear to so hold.  We are not prepared to say that with such feature stricken therefrom the legislature would have passed the act.  Indeed, without it the act is shorn of its principal feature, and its whole purpose is gone.

Our conclusion is in accord with that reached by the learned judge of the court below, and his order in the premises is affirmed.