## FRED H. MURRAY v. WALTER J. SMITH and Others.[1]

May 17, 1912.

Nos. 17,719—(233).

**State rural highway act valid.**

> Chapter 254, Laws 1911, providing for the establishment and maintenance of highways outside of cities and villages, and for the assessment of one-fourth the cost thereof on land specially benefited, is valid, under section 1, article 9, of the state Constitution, which requires taxes to be uniform upon the same class of subjects, but permits the legislature to authorize municipal corporations to lay and collect assessments for local improvements upon property benefited thereby, without regard to cash valuation.

Petition to the district court for Ramsey county for an injunction perpetually restraining defendants as state officers from paying out funds of the state in constructing a certain rural highway under the provisions of Laws 1911, c. 254. From an order, Olin B. Lewis, J., sustaining defendants' demurrer to the complaint, plaintiff appealed. Affirmed.

*Thomas McDermott,* for appellant.

*Lyndon A. Smith,* Attorney General, and *William J. Stevenson,* Assistant Attorney General, for respondents.

BUNN, J.

This action was brought by plaintiff, a taxpayer, to enjoin defendants, as state officers, from paying out funds of the state in constructing a rural highway in Pennington county under the provisions of chapter 254, p. 352, Laws 1911. A demurrer to the complaint was sustained, and plaintiff appealed.

The sole question involved is the constitutionality of the law under which defendants propose to pay the money of the state in aid of the construction of the highway. The only feature of the law that is

[1] Reported in 136 N. W. 5.

assailed is that providing for the assessment of lands benefited by the highway for one-fourth of the cost thereof.

Section 1 of chapter 254 provides for the construction or improvement of highways by county boards, to be known as "state rural highways," upon the approval of a petition for the same by the county board and the state highway commission, and that "the expense therefor shall be borne one-fourth by local assessment, one-fourth by the county, and one-half by the state."

Section 2 provides that such highways shall be constructed or improved by a procedure identical with the proceeding prescribed by sections 3 to 52, inclusive, of chapter 230, [pp. 305–337] Laws 1905 [R. L. Supp. 1909, §§ 2651—45 to 2651—95], the drainage law, so far as the same may be made applicable to the construction or improvement of highways, to the raising of money therefor, and to the assessment of benefits, one-fourth only of the cost of "state rural highways" to be met by assessment. These sections of the drainage law, in so far as applicable, are made a part of this act.

By turning to these provisions in chapter 230, Laws 1905, we find that the county board can act only upon a petition signed by six or more of the landowners whose land is liable to be assessed for the highway, setting forth the necessity thereof and that it will be of public benefit or promote the public health. The county board must approve the petition, as must the state highway commission. The assessment district is not limited, but the viewers determine the amount of benefits to the lands, to the aggregate of not more than one-fourth of the cost of the highway. Their report is made to the board, and after notice and hearing it rests with the board to determine whether the benefits have been duly assessed, and to confirm the report and to establish the highway. The assessments are payable in ten annual equal instalments, with six per cent interest. An appeal lies to the district court.

We have stated so much of the law for the purpose of making clear the precise question involved, and to show that the rights of landowners are well safeguarded.

Does the fact that one-fourth of the cost of the highway is

assessed upon lands deemed specially benefited make the law in violation of section 1 of article 9 of the Constitution of this state, which provides that taxes shall be uniform upon the same class of subjects. " * * * provided, that the legislature may, by general law or special act, authorize municipal corporations to levy assessments for local improvements upon * * * property benefited * * * without regard to a cash valuation?" We have held that counties are municipal corporations, within the meaning of the constitutional provision, for the purpose of levying and collecting the assessments provided for by drainage laws. Dowlan v. County of Sibley, 36 Minn. 430, 31 N. W. 517; Lien v. Board of Commrs. of Norman County, 80 Minn. 58, 82 N. W. 1094; McGee v. Board of Commrs. of Hennepin County, 84 Minn. 472, 88 N. W. 6. There is no difficulty in extending this ruling to the present case.

The crucial question here is whether a rural highway is or may be a special benefit to neighboring lands, as distinguished from a general benefit to the public. Plaintiff relies upon Sperry v. Flygare, 80 Minn. 325, 83 N. W. 177, 49 L.R.A. 757, 81 Am. St. 261, as answering this question conclusively in the negative. The law held unconstitutional in the Sperry case was clearly vicious. The entire cost of the highway was assessed upon lands within the prescribed limit of one mile on either side, whether the costs exceeded the benefits or not. The present law assesses one-fourth of the cost upon lands deemed specially benefited, without defining the limits of the assessment district. The 1895 law worked a great hardship upon the farmers of the state; it might easily be confiscatory. The present law is not burdensome; but one-fourth of the costs is assessed, and that is payable in ten instalments. We have no hesitation in saying that the law under attack in this case is meritorious, and that it should be sustained, unless it is entirely clear that lands outside of cities and villages can receive no special benefit by the construction and maintenance of good roads.

Though Sperry v. Flygare dealt with a statute vitally different from the one before us, though particular stress is in that case laid on the fact that the law imposed the entire cost on adjoining lands,

without regard to the lands benefited by the highway, yet it may well be considered as authority for the proposition that rural highways are not local improvements. This is perfectly true in the sense that lands bordering on the highway are not benefited in the way lots bordering on a city street are benefited. It is not the fact that the road is in front of or along the border of the farm which creates the special benefit, but the fact that the farmer is given a good road to use in going to and from his markets. But we do not consider the Sperry case controlling on the proposition that lands tributary to a rural highway may not receive a special benefit therefrom different in character and extent from the benefit received by the public. The land of the farmer who is given a good road to market, where before he had a poor one, is certainly enhanced in value by the improvement. So is the land of every other owner who is thus given easy access to the cities or towns where he sells his produce and makes his purchases. The general public receive a benefit wholly different in character. The benefit to the motorist of the cities in having good roads for his pleasure runs is an example of the general benefit. Lands not in the territory reached by the highway, and whose owners cannot use it, receive no special benefit.

The law in question does not attempt to say what lands are benefited, but leaves the determination of the district, as well as the distribution of the assessment, to the viewers, and ultimately to the court. It is right that lands tributary to the highway should pay a part of the cost thereof, over and above what the public pays, for they receive a benefit over and above what the general public receives. The principles applied to the spreading of assessments for parks, for paving city streets, or laying sidewalks would be entirely erroneous, if applied to fixing the district or spreading the assessment for rural highways. But this is a question that does not concern the validity of the law, but rather the validity of the action that the viewers and the board of county commissioners may take in the matter. If they proceed upon an erroneous principle, or make a demonstrable mistake of fact, there is a remedy by appeal.

It is twelve years since the decision in Sperry v. Flygare. The

Constitution has been amended. The value of good roads is better understood. The farmer now has his automobile, his traction engines, and his telephone. He has all the facilities for reaching the best markets at the right time, except the good road. We think it can fairly be said that the establishment and maintenance of a rural highway, that gives the owner of land easy and convenient access to his markets, enhances the value of his land and constitutes a special benefit, different in character from the public or general benefit.

It is true that at no time have farm lands been assessed for roads, except that, in assessing damages, benefits to the land have been deducted from the amount awarded to the landowner. This is a recognition of the fact that a highway may be a special benefit to land outside of cities and villages. See Swenson v. Board of Suprs. of Town of Hallock, 95 Minn. 163, 103 N. W. 895, quoting with approval Trinity College v. City of Hartford, 32 Conn. 452. It would seem that, if there are local benefits that can be set off against the damages awarded to a landowner by the establishment of a highway, the same local benefits are sufficient to warrant an assessment.

The weight of authority to-day seems to be to the effect that a highway may be a local improvement, and that an assessment of lands specially benefited may be sustained. Page & Jones, Taxation by Assessment, § 322; Bauman v. Ross, 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270; Law v. Madison, 30 Ind. 77; Board v. Harrell, 147 Ind. 500, 46 N. E. 124; Spaulding v. Mott, 167 Ind. 58, 76 N. E. 620; Jones v. Town, 158 N. Y. 438, 53 N. E. 280; Seanor v. County, 13 Wash. 48, 42 Pac. 552.

The case of Graham v. Conger, 85 Ky. 582, 4 S. W. 327, is opposed to this view, and the Washington Ave. Case, 69 Pa. St. 352, 8 Am. Rep. 255, seemingly so, though in the Pennsylvania case the real vice was charging the cost of the highway at a fixed sum per acre against adjacent lands, which the court held was so obviously unreasonable and erroneous as not to constitute on any fair principle of reasoning a valuation according to benefits. This may properly be said of any law that attempts to impose a front-foot

assessment on lands adjacent to the highway, or that attempts to say that only farms that border on the road are specially benefited by it. This was practically the vice in the 1895 law. Lands that do not border on the highway, even though they are quite distant therefrom, receive a special benefit, if the owner has access to the highway, and can use it to go to and from his market.

We do not think the law can be upheld on the ground that the construction of a particular highway may involve drainage features. We place our decision on the ground that a public rural highway is or may be a special benefit to lands in the territory tributary to the same, as distinguished from the general benefit accruing to the general public. We hold that the provision of the act assessing one-fourth of the cost of the highway upon lands specially benefited is not obnoxious to article 9, § 1, of the Constitution.

Order affirmed.